# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS LEONEL XOTOY,<br><br>　　　　Petitioner,<br><br>　v.<br><br>PATRICK COVELLO,<br><br>　　　　Respondent. | Case No. 2:22-cv-09431-HDV (SK)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　The Report recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 13.) Petitioner's late objections to the Report (ECF Nos. 15, 17) do not merit a change to the Report's proposed findings or recommendations.

　　　Petitioner objects that the prosecutor committed misconduct during closing argument by misstating the law of voluntary manslaughter based on heat of passion. (ECF No. 15 at 1-3; ECF No. 17 at 1-3.) It was not objectively unreasonable for

the California Court of Appeal to conclude that, even if it is assumed that the prosecutor misstated the law, such an error was harmless. The "evidence of provocation was both weak and contradicted." (ECF No. 9-6 at 9.) The evidence showed that Petitioner "exhibited what could be viewed as mental reflection and deliberation after each of the times he claims he was 'provoked.'" (ECF No. 14 at 12.) Moreover, the trial court correctly instructed the jury on voluntary manslaughter, and the "jury is regularly presumed to accept the law as stated by the court, not as stated by counsel." (*Id*. at 13 (quoting *United States v. Rodrigues*, 159 F.3d 439, 451 (9th Cir. 1998).)

Petitioner objects that his sentence imposes multiple punishments for a single act, in violation of California Penal Code § 654. (ECF No. 15 at 3-4; ECF No. 17 at 3-4.) Petitioner did not raise this claim in his Petition. (ECF No. 1 at 5-6.) Moreover, the claim is not cognizable in a federal habeas action. *See Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989) (sentencing claim based on an alleged violation of Section 654 is not cognizable in federal habeas action).

Petitioner objects that his counsel was ineffective for failing to object to the sentence that was imposed. (ECF No. 15 at 4; ECF No. 17 at 4.) As the Report found, however, Petitioner did not point to any arguments of counsel that could have made a difference. (ECF No. 14 at 14-15.) Moreover, the record showed that the trial court was aware of its discretion not to impose the firearm enhancement but declined to do so. (*Id*. at 15.)

Petitioner objects that he has a due process right to determine his ability to pay restitution. (ECF No. 15 at 5; ECF No. 17 at 5.) As the Report found, however, challenges to restitution are not cognizable in federal habeas corpus actions. (ECF No. 14 at 15-16.)

\\
\\
\\

IT IS ORDERED that (1) the Report and Recommendation is accepted; and (2) the Petition is denied, and the action is dismissed with prejudice

DATED: _6/16/25_____

_____
HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE